UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MATTHEW SMITH                                              CIVIL ACTION

VERSUS                                                     NO. 2:23-CV-2011

GUARDIAN LIFE INSURANE COMPANY

**COMPLAINT**

The Complaint of Matthew Smith respectfully alleges:

1. This is a claim for ERISA long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.S.C. Sec. 1001 et seq.; 29 U.S.C. Sec. 1132(e)(1)(2).

3. Plaintiff, **Matthew Smith**, of lawful age and a resident of Madison, Mississippi, is a plan participant and beneficiary of an ERISA plan created by his employer, Lyle Machinery and an insured participant of a group disability policy issued by Guardian Life Insurance Company.

4. Defendant, **Guardian Life Insurance Company** ("Guardian"), is a foreign corporation, doing business in Louisiana. Upon information and belief, Guardian is incorporated in New York, New York and its principal place of business is in the state of New York.

5. Guardian issued a group policy insuring the employees of Lyle Machinery. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries.  29 U.S.C. Sec. 1104(a)(1).

1

7. Plaintiff filed a claim for disability benefits with the Plan because his medical condition precluded him from continuing to perform the duties of his job as technician/mechanic on a fulltime basis.

8. Plaintiff is disabled under the terms of the disability policy issued by Guardian.

9. Guardian wrongfully denied Plaintiff benefits he is entitled to under terms of the disability policy.

10. Plaintiff appealed the denial, but Guardian upheld its previous decision.

11. Guardian's denials are based on insubstantial evidence and are arbitrary and an abuse of any purported discretionary authority.

12. Plaintiff has exhausted his administrative remedies and now files this suit to reverse Guardian's denial of benefits.

13. Guardian administered Plaintiff's claim with an inherent and structural conflict of interest as Guardian is liable to pay benefits from its own assets to Plaintiff, and each payment depletes Guardian's assets.

14. Plaintiff has been denied the benefits due to him under the Plan, has suffered, and is continuing to suffer economic loss as a result.

15. Plaintiff is entitled to an award of interest on all money that Defendant should have paid to Plaintiff.

16. Defendant's denial has required Plaintiff to hire attorneys to represent him in this matter to recover benefits due to him under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;

2.For all reasonable attorney fees;

3.For costs of suit; and

4.For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan Toledano
Willeford & Toledano
Reagan L. Toledano (La. 29687)
201 St. Charles Avenue, Suite 3206
New Orleans, LA 70170
Phone:(504) 582-1286
Fax: (313) 692-5927
Email: reagan@toledanolaw.com